UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY LEE GRIER, : | |
|     Plaintiff, : | |
| : | |
| v. : | No. 24-cv-2751 |
| : | |
| CHRISTOPHER HALL, *et al.*, : | |
|     Defendants. : | |

**<u>MEMORANDUM</u>**

**Joseph F. Leeson, Jr.**                                                              **September 3, 2024**
**United States District Judge**

    *Pro se* plaintiff Timothy Lee Grier, a pretrial detainee who is currently incarcerated at the Berks County Prison, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights arising from his arrest and subsequent parole revocation. Currently before the Court are Grier's Complaint[1] ("Compl." (ECF No. 5)), his Motion for Leave to Proceed *In Forma Pauperis*, and his prisoner trust fund account statement. (ECF Nos. 1, 2.)

---

[1] Also before the Court is Grier's Amended Complaint (ECF No. 8.) Grier commenced this action on June 17, 2024 by filing his Motion to Proceed *In Forma Pauperis* and prisoner trust fund account statement, but no Complaint. (*See* ECF Nos. 1, 2.) By Order dated June 27, 2024, the Court ordered Grier to file a Complaint. (ECF No. 4.) The same day, the Clerk's Office docketed Grier's Complaint. (ECF No. 5.) In response to this Court's Order, on August 8, 2024, Grier filed an Amended Complaint. (ECF No. 8.) However, the Amended Complaint consists of only the first two pages of the Court's current standard form for a prisoner filing a civil rights action and one handwritten page identifying two defendants. (*See* ECF No. 8.) It includes no factual allegations. The Amended Complaint as filed does not comply with Federal Rule of Civil Procedure 8, which requires that a pleading contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) ("Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 'a demand for the relief sought.'") (quoting Fed. R. Civ. P. 8(a)(2), (3)). Accordingly, the Court will strike the Amended Complaint and proceed by screening Grier's Complaint, which the Court deems to be the operative pleading.

Grier asserts individual capacity claims against the following Pennsylvania Board of Probation and Parole employees: Christopher Hall, Scott E. Dominick,[2] and Eric S. Pennypacker, and he asserts an official capacity claim against the Berks County District Attorney's Office.[3] (Compl. at 2, 3.) For the following reasons, the Court will grant Grier leave to proceed *in forma pauperis*. Grier's malicious prosecution claim will be dismissed without prejudice for failure to state a claim, and Grier may reassert this claim in a new civil action in the event his pending state criminal case ultimately terminates in his favor. Grier's request for release from custody and dismissal of the criminal charges against him will be dismissed without prejudice to Grier filing a *habeas corpus* petition. Grier's claims against the Berks County District Attorney's Office and the Berks County prosecutor, as well as his property loss claim and his claim against Defendant Hall based on Hall's search of his residence, will be dismissed with prejudice. The remainder of Grier's § 1983 claims will be stayed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) until the underlying criminal proceedings that are pending against him in state court are resolved.

---

[2] Although Grier identifies this individual as Dominick Scott, based upon an attachment to the Complaint, the individual's name appears to be Scott E. Dominick and the Court will refer to him as such. (*See* Compl. at 18.)

[3] Grier also refers to the "Prosecutor" and it is not clear whether he intended to assert a claim against the prosecutor assigned to his criminal case as well as the District Attorney's Office. The Court will liberally construe the Complaint as asserting a claim against the Berks County prosecutor. While Grier identified a specific prosecutor in his non-compliant Amended Complaint, the identity of the prosecutor is not material to the Court's resolution of any claim against him.

I.       **FACTUAL ALLEGATIONS**[4]

The gravamen of Grier's claim is that he was wrongly accused of participating in illegal drug activity and as a result, his parole was revoked. and he is now incarcerated awaiting trial on criminal charges. (*See* Compl.) Grier alleges that upon his release from state prison, he did not have an approved home plan and so was placed in a halfway house. (*Id*. at 12.) On January 22, 2024, Grier began a search for an appropriate apartment and alleges that he obtained a lead on an apartment through the bartender at a bar advertising rooms for rent on a sign in the window. (*Id*.) He alleges that he completed paperwork for the landlord and, on January 29, 2024, provided the lease he obtained to the halfway house for approval. (*Id*. at 12-13.)

On February 29, 2024, Grier allegedly received a call while at work from non-Defendant Parole Agent Brooks who instructed Grier to return to the halfway house. (*Id*. at 14.) Upon returning to the halfway house, Grier alleges Brooks instructed him to pack his personal belongings to leave the halfway house. (*Id*.) Brooks also allegedly told Grier that he had not reviewed Grier's home plan, so Grier was placed in a residence at 16 South 10th Street in Reading. (*Id*.)

Grier alleges that on March 7, 2024, he was living in the south 10th Street residence with two other individuals when Defendant Hall arrived and performed a search of the residence. (*Id*.) At the time, Grier was the only resident present.[5] Hall allegedly arrested Grier after finding

---

[4] The allegations set forth in this Memorandum are taken from Grier's Complaint (ECF No. 5). The Court adopts the pagination assigned by the CM/ECF docketing system. Additionally, the Court includes facts reflected in the publicly available state court docket, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[5] Grier alleges that one of the other residents was Mike Fuller, the owner of the apartment. (Compl. at 15.) He further alleges that the two other residents informed him earlier on the day of

drugs on a small ledge attached to the building below the windowsill and a large amount of cash in Grier's wallet. (*Id*. at 14-15.)

Grier asserts that he is the victim of a rental scam. (*Id*. at 15.) He further asserts that the State Parole Board violated their own policies and procedures when they detained him for having money.[6] He also asserts that the search of the apartment was illegal as no "Home Provider Agreement" had been filed, which he alleges would have permitted the search. He claims that in the absence of such an agreement, the search was not consensual and was, therefore, illegal. (*Id*. at 15-16.)

Grier asserts violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. (*Id*. at 16.) He requests that the charges against him be dismissed and that he be released from prison and returned to the halfway house. (*Id*. at 5.) He also requests return of cash confiscated at the time of his arrest,[7] and an award of money damages. (*Id*.)

Attached to Grier's Complaint is a completed Criminal Arrest and Disposition Report reflecting that on March 7, 2024, he was arrested and charged with possession with intent to deliver meth, simple possession of a controlled substance, and possession of drug paraphernalia. (*Id*. at 18.) It further reflects that Grier was detained pending disposition of the new charges.

---

his arrest that they needed to use the apartment, so he left. (*Id*.) Shortly after they left and he returned, Hall searched the apartment and Grier was arrested. (*Id*.)

[6] Without further details, Grier alleges that the day before the arrest, he won $1788 at a local mini market. (*Id*. at 16.)

[7] Grier cannot state a constitutional claim based on the loss of his property. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" (quoting *Hudson*, 468 U.S. at 533)). The Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Con. Stat. § 8542(b) provides a meaningful post-deprivation remedy, and because this remedy is available for his property loss claim in an appropriate state court, this claim is not plausible and must be dismissed.

(*Id*.) A signed Affidavit of Probable Cause reflects that Defendant Hall was accompanied by Reading Police at the time he searched the apartment, and that the police arrested Grier following the discovery of what appeared to be a large amount of drugs, a large amount of cash, and drug paraphernalia. (*Id*. at 19, 20.) The publicly available docket in *Commonwealth v. Grier*, No. CP-06-CR-1574-2024 (C.P. Berks) reflects that Grier is currently awaiting a pretrial hearing on drug charges. *Id*. The docket lists an offense date of March 7, 2024. *Id*.

## II. STANDARD OF REVIEW

The Court will grant Grier leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[8] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, ___ F. 4d ___, 2024 WL

---

[8] Because Grier is a prisoner, the Prison Litigation Reform Act requires that he pay the full filing fee in installments regardless of the outcome of this case.

3820969 (3d Cir. Aug. 15, 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Grier is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.    DISCUSSION

Grier asserts violations of his constitutional rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). "Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

#### A.    Claims Seeking Release from Prison and Dismissal of Criminal Charges

Grier seeks, in part, to be released from prison and to have the charges pending against him dismissed. (Compl. at 5.) "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Muhammad v.*

*Close*, 540 U.S. 749, 750 (2004) (*per curiam*) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," rather than a § 1983 action (citing *Preiser*, 411 U.S. at 500)); *Jaffery v. Atl. Cnty. Prosecutor's Office*, 695 F. App'x 38, 41-42 (3d Cir. 2017) (*per curiam*) ("[T]o the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus."); *Duran v. Weeks*, 399 F. App'x 756, 759 (3d Cir. 2010) (*per curiam*) ("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus.") *Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021) ("[W]henever a plaintiff pleads a violation of § 1983 and effectively seeks habeas relief, the plaintiff fails to state a § 1983 claim. Instead, the prisoner's only federal remedy is through a writ of habeas corpus after exhausting state remedies."). Accordingly, these claims will be dismissed without prejudice to Grier filing a *habeas corpus* petition seeking this relief.

### B. Claims Against the Berks County District Attorney's Office

Grier asserts a claim against the Berks County District Attorney's Office. This claim must be dismissed with prejudice because the United States Court of Appeals for the Third Circuit has held that district attorney's offices in Pennsylvania are not entities subject to suit under § 1983. *See Reitz v. Cnty. of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997) (holding that "the Bucks County District Attorney's Office is not an entity for purposes of § 1983 liability"); *see also Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007) (*per curiam*) ("[T]he Monmouth County Prosecutor's Office is not a separate entity that can be sued under § 1983.").

### C. Claims Against the Berks County Prosecutor

Grier appears to assert a claim against the prosecutor pursuing the drug charges against him. However, prosecutors are entitled to absolute immunity from liability under § 1983 for acts

7

that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Absolute immunity extends to the decision to initiate a prosecution, *Imbler*, 424 U.S. at 431, including "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), presenting a state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence. *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020). Moreover, District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009).

Absolute immunity can extend to "the duties of the prosecutor . . . involv[ing] actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Mancini v. Lester*, 630 F.2d 990, 994 n.6 (3d Cir. 1980) (quoting *Imbler*, 424 U.S. at 431 n.33). This means prosecutors have absolute immunity from suits challenging their preliminary "strategic decisions," such as whether or not to call a witness, or their decision not to prosecute a case. *Harris v. Krasner*, No. 23-2068, 2024 WL 2861848, at *2 (3d Cir. June 6, 2024), publication ordered, No. 23-2068, 2024 WL 3493020 (3d Cir. July 22, 2024).

Grier does not describe any conduct engaged in by the prosecutor and the Court infers that the claim against the prosecutor is based on his or her role in the ongoing state court criminal proceedings. Accordingly, the claim must be dismissed with prejudice in light of the absolute immunity afforded to prosecutors engaged in initiating a prosecution and presenting the State's case.

### D. Claims Against Hall, Dominick, and Pennypacker

The Court understands Grier to be asserting a Fourth Amendment claim against Defendant Hall based upon his search of Grier's apartment that ultimately led to Grier's arrest, revocation of his parole, and the commencement of criminal charges against him.[9] Grier does not explain Dominick's or Pennypacker's role in the events giving rise to his claims, but the Court notes that the Criminal Arrest and Disposition Report attached to the Complaint reflects that Dominick, in his role as Supervisor, and Pennypacker, in his role as District Director, both recommended Grier's detention following his arrest.[10] (Compl. at 18.)

To the extent Grier raises a claim based on the search of his residence, the claim is not plausible. "A probationer's home, like anyone else's, is protected by the Fourth Amendment's requirement that searches be 'reasonable.'" *Griffin v. Wisconsin*, 483 U.S. 868, 873 (1987). Parolees and probationers, however, "do not enjoy 'the absolute liberty to which every citizen is entitled, but only . . . conditional liberty properly dependent on observance of special [probation] restrictions.'" *Id.* at 874 (citing *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)). By

---

[9] It is unclear whether Grier is also asserting a malicious prosecution claim. To allege a plausible malicious prosecution claim under section 1983, a plaintiff must asserts facts that: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009).
    Grier's claim is not plausible because he has not alleged that the criminal proceedings have terminated in his favor. Indeed, Grier is awaiting a pre-trial hearing according to the publicly available docket. Therefore, Grier cannot state a claim for malicious prosecution at this time. However, the Court will dismiss Grier's malicious prosecution claim without prejudice so that he is not precluded from reasserting it later if the charges terminate in his favor. In other words, in the event the criminal proceedings are resolved in his favor, Grier may file a new case raising this claim.

[10] Because the Court will abstain from addressing Grier's claims against Hall, Dominick, and Pennypacker, it will not at this time consider whether these Defendants are entitled to any degree of immunity for the conduct alleged.

Invalid

virtue of a parolee's status, the law affords the state a "degree of infringement upon privacy that would not be constitutional if applied to the public at large." *Id.* at 875. For example, the warrant requirement has been found by the United States Supreme Court to "interfere with the probation system by delaying investigations into suspected violations and effectively establishing a magistrate, rather than a probation officer, as the probationer's supervisor." *Id*. at 876. The probable cause requirement has also been found to "unduly disrupt the probation regime by restricting a probation officer's ability to supervise a probationer." *Id*. at 878-89.

Because of this, the United States Court of Appeals for the Third Circuit has determined that, in Pennsylvania, parole officers may conduct warrantless search of a parolee's property based merely on reasonable suspicion. *U.S. v. Strickland*, 237 F. App'x 773, 777 (3d Cir. 2007). Specifically, a warrantless search of a parolee's property is authorized "if there is reasonable suspicion to believe that the real or other property in the possession of or under the control of the offender contains contraband or other evidence of violations of the conditions of supervision." *Id.* (citing 61 Pa. Cons. Stat. Ann. § 331.27b(d)(2) (repealed, now § 6182)). Whether reasonable suspicion exists where the officer has a "particularized and objective basis for suspecting legal wrongdoing." *Id.* (citing *United States v. Williams*, 417 F.3d 373, 376 (3d Cir. 2005)). Also, the parolee may be detained during the search. 61 Pa. Cons. Stat. Ann. § 6182(d)(3). Since Hall had a reasonable suspicion based on Grier's wallet having a large amount of cash hanging out of it (*see* Compl. at 16, 18-20), any claim based on the search is dismissed.

Grier may also be asserting false arrest and false imprisonment claims. However, to the extent he seeks to pursue any of these claims, he cannot do so at the present time.

In *Younger*, 401 U.S. 37, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*). "*Younger* abstention is only appropriate in three types of underlying state cases: (1) criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving orders in furtherance of the state courts' judicial function." *PDX N., Inc. v. Comm'r New Jersey Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (internal quotations omitted).

*Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of Common Pleas, Delaware Cnty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. *Id.* The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or . . . other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 46, 53-54. The exceptions are to be narrowly construed. *Hall v. Pennsylvania*, No. 12-2373, 2012 WL 5987142, *2 (M.D. Pa. 2012) (citing *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991)).

The *Younger* requirements are clearly met in this case. First, the criminal proceedings against Grier are still pending. Second, the state proceedings implicate the important interest of

enforcing the Commonwealth's criminal laws.  Third, the criminal proceedings provide Grier an adequate opportunity to argue in the state forum that he is not guilty of the charges against him, that the charges should be dismissed, and that his parole should be reinstated.  This Court may assume that the state procedures will afford him an adequate remedy.  *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff."). Further, there is nothing in the Complaint to indicate that Grier falls within any of the narrow exceptions to the *Younger* doctrine.  *See also Marks v. Stinson*, 19 F.3d 873, 882 (3d Cir. 1994) ("A federal court will only consider *Younger* abstention when the requested relief would constitute federal interference in state judicial or quasi-judicial proceedings").  Accordingly, it is appropriate to abstain from entertaining the false arrest and false imprisonment claims out of deference to the state judicial process.  *Accord Peay v. Messiah-Jackson*, 133 F. App'x. 31, 32-33 (3d Cir. 2005) (*per curiam*); *Ridge*, 984 F. Supp. 2d 364; *see also Ellis v. Mondello*, No. 05-1492, 2005 WL 1703194, at *3 (D.N.J. 2005) ("[A]ssuming the criminal action is still pending in a state trial or appellate court, review of the state court proceedings would be barred; a district court cannot interfere in a pending state criminal action in order to consider issues that a plaintiff can raise there.").

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Grier's request for leave to proceed *in forma pauperis*.  Grier's malicious prosecution claim will be dismissed without prejudice for failure to state a claim, and Grier may reassert this claim in a new civil action in the event his pending state criminal case ultimately terminates in his favor.  Grier's request for release from custody and dismissal of the criminal charges against him will be dismissed without prejudice to

Grier filing a *habeas corpus* petition. Grier's claims against the Berks County District Attorney's Office and the Berks County prosecutor, as well as his property loss claim and his claim against Defendant Hall based on Hall's search of his residence, will be dismissed with prejudice. The remainder of Grier's § 1983 claims will be stayed pursuant to *Younger*.[11] Grier may move to reopen those claims following resolution of his state court criminal case.[12]

An Order follows, which shall be docketed separately.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.
United States District Judge**

---

[11] *See Williams v. Hepting*, 844 F.2d 138, 144 (3d Cir. 1988) ("Williams' civil rights claims seek damages, relief that is unavailable from his ongoing state proceedings. We have required the district court to stay rather than dismiss claims that are under consideration in ongoing state proceedings.").

[12] Given the need to stay further proceedings, the Court expresses no opinion at this time as to whether any remaining claims suffer from any additional deficiencies.